Judge Underwood,
delivered the opinion of the court.
On the 24th of July, 1828, Francis Davis executed to Margaret Davis seven notes, for f:20 each, the first payable one day after date, and the rest annually, thereafter. On the same day, the parties entered into an article of agreement, in which it was agreed on the part of said Margaret, that she would “absent herself from the vicinity of Bullskin, and fix her residence out of the limits of Shelby county or the above mentioned notes to be void.” Margaret Davis assigned the note which was payable one day after date, to Logan. He prosecuted a warrant upon it. An appeal was taken to the circuit court and judgment there rendered in his favor. Upon the trial, the plaintiffin error, proved that Margaret Davis had not removed from Bull-skin and fixed her residence out of Shelby county, and that her agreement to do so, was the bnly consideration for the note. The court being of opinion that the article of agreement, and the foregoing evidence constituted no defence, on motion, excluded the whole from the jury. Whether the court erred in excluding this evidence constitutes the only question.
The note and article of agreement should be consided together, as being parts of an entire contract. The ease of McDowell vs. Hall, II Bibb, 610, is analogous an<^ *n point. Thus regarding the contract between the parties, it is manifest that F. Davis made the payment of the money depend, upon the removal of M. ®av'S- Some effect must be given to the stipulation that the notes were to be void in case the agreement on the part of M. Davis was not complied with. Her failure to remove must either give F. Davis a right of action against her upon the article, regarding it asaij *299 independent covenant, or it must avoid the notes. The expression used “the notes to be void” conclusively proves that the parties did not intend to make the note and artide independent contracts. We are, therefore, of opinion, thatthearticleof agreement operating upon the facts proven, might have the effect of defeating a recovery upon the note. We do not deem it indispensable that M. Davis should have removed from Shelby county on the day the article was executed, in order to secure her right of action upon the note; but she was bound to commence performance presently, and to accomplish it within reasonable time. It would not be required that she should begin or prepare for her removal on the next instant after the written contracts were perfected by delivery. Such strictness cannot be required or applied with propriety to human transactions*
When a person is bound that can be required, is, bsshainT*" commenced and prosecu*ed witl?snch despatch as diligent person? would who had fully bthifsame*0 thing for themselves.
Monroe, for plaintiff; Richurdson, for defendant.
Sometime must be allowed for reflection and arrangement; whether a minute, an hour, a day, or a week, must depend upon the nature of the thing to be done, When a person is bound to do or perform a thing for another, presently, all that can be required is, that the business shall be commenced and prosecuted with such despatch, as diligent persons would make use of, who have fully resolved and determined to do and perform the same thing for themselves, not permitting any other employment to interfere with, or retard the performanee. If M. Davis did not, according to this rule set about and accomplish her removal as stipulated in her eovenant, she has -voluntarily made the notes of F. ■rv . Davis void,
The court erred in excluding the evidence.
Wherefore, the judgment is reversed with costs, and the cause remanded for proceedings not inconsistent herewith.